# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

DEAN W. DAVIS,

    Plaintiff,

    vs.                                                      No. CIV 98-0472 JC/JHG

SANDIA CORPORATION and SANDIA
CORPORATION VOLUNTARY SEPARATION
INCENTIVE PAYMENT PLAN #525,

    Defendants.

## MEMORANDUM OPINION AND ORDER ON PLAINTIFF'S MOTION FOR *DE NOVO* REVIEW AND DISCOVERY

THIS MATTER came on for consideration of Plaintiff's Motion for *De Novo* Review and Discovery *(Doc. 14),* filed October 7, 1998. The Court has reviewed the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that oral argument is unnecessary for its decision. For the reasons set forth below, the motion is not well taken and will be **denied**.

## I. Background

Plaintiff Dean Davis retired from Sandia Corporation in February, 1996. At the time of his separation from service, Defendant Sandia Corporation was conducting a Voluntary Separation Incentive Program ("VSIP") designed to reduce the need to lay off employees. The terms of the VSIP provide that employees accepted for participation could receive an incentive payment equivalent to as much as 40.5 weeks of salary upon voluntary separation from employment. Employees can become eligible for selection in one of two ways. Either the employee can be declared

to be a member of an "identified impacted peer group" (meaning that the employee holds one of the positions that may be declared to be excess) or the employee can volunteer to leave and be replaced by an employee from an "identified impacted peer group." According to the VSIP Information Packet, the "[k]ey element in the Voluntary Separation Incentive Program is: [a] person's voluntary departure will reduce the size of the identified impacted peer group by one." Stipulated Record *(Doc. 16)* at 40. The parties agree that Sandia Corporation had discretion under the VSIP to determine whether or not specific jobs would be identified as impacted.

Davis applied for the program, but his supervisor refused to certify that he was an "impacted employee" whose position was to be eliminated as part of the reduction in workforce. Therefore, Davis' eligibility for VSIP benefits was contingent on whether he would be replaced by an employee from an impacted group, thus reducing the size of the impacted group.

Davis retired in February, 1996. After he retired, his position was not filled or advertised as available to be filled. Instead, the work that he performed apparently was divided among other employees. Davis claims that his position was, in fact, an impacted position because it was eliminated.

Mr. Davis' request for VSIP benefits was denied in February, 1996 on the grounds that he was not a member of an impacted peer group, and his separation did not save an impacted employee's job. *See* Record at 31. Davis appealed this decision to the Employee Benefits Committee, which rejected his appeal on September 6, 1996. *See* Record at 4. Davis now brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, challenging the denial of his request for VSIP benefits.

**II.     Analysis**

Plaintiff seeks a *de novo* review of the Employee Benefit Committee's decision denying him VSIP benefits. The Supreme Court has held that under ERISA, "a denial of benefits . . . is to be reviewed under a de novo standard unless the benefit plan gives the administrator or other fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The *Firestone* decision places the burden on defendants who seek to avoid a *de novo* review to point to language in the VSIP that confers discretionary authority on the Plan Administrator.

Defendants first point to language in the VSIP Summary Plan Description that purports to provide the Plan Administrator with "complete discretionary authority to determine eligibility for benefits and to interpret the terms of the Plan." Record at 56. This language is almost identical to that in the *Firestone* opinion. *See* 489 U.S. at 115. However, this "boiler plate" language does not end the inquiry, as the plan must be viewed as a whole. General language will not defeat more specific language in the plan documents that cannot reasonably be interpreted to allow discretion. *See, e.g., Bogue v. Ampex Corp.*, 976 F.2d 1319, 1325 (9th Cir. 1992) (stating that vague statements will not operate to deny *de novo* review, but abuse of discretion standard will apply if a plan includes a discretionary element and the plan administrator unambiguously retains discretion to apply that element).

The VSIP does provide for specific exercise of discretion in determining what positions are identified as impacted, whether a particular employee is classified as impacted or non-impacted, and whether a particular employee's request to terminate should be approved. *See* Record at 40-41. The plain language of the plan is unambiguous as to the discretion conferred on the plan administrator to

-3-

determine eligibility, and also provides specific key areas in which to exercise that discretion. Therefore, I conclude that a determination of whether or not Plaintiff was in an impacted peer group was a discretionary decision of the plan administrator and should be reviewed for abuse of discretion.

Plaintiff attempts to distinguish his claim from a dispute over an eligibility decision based on whether or not his position should have been classified as impacted. According to Plaintiff's theory, if an employee's position is eliminated, then VSIP benefits must be paid. Plaintiff claims that the discretion to classify a position as impacted does not extend to the decision to deny benefits to an employee whose position is, in fact, impacted.

Some courts have reviewed the terms of a plan *de novo* even while applying the abuse of discretion standard to the discretionary decisions made under the plan. *See McGee v. Equicor-Equitable HCA Corp.*, 953 F.2d 1192, 1200 (10th Cir. 1992). In *McGee*, the district court reviewed *de novo* a denial of benefits based on a purported sixty-day plan limit, but reviewed a physician's determination of eligibility for abuse of discretion. *See id.* at 1200-02. But Plaintiff is trying to draw a distinction in eligibility decisions where there is, in fact, none. Plaintiff's basic dispute is with his supervisor's decision to check the "not in an impacted peer group" box on his request form. *See* Record at 33. Plaintiff's classification and eligibility for VSIP benefits were within the discretion of the Plan Administrator, and the Plan Administrator had the discretion to determine whether Mr. Davis was, in fact, in an impacted peer group because his position was not filled after he left. Contrary to Plaintiff's claims, there is no language in the VSIP that restricts the Plan Administrator's "discretion to deny impacted status to an employee whose job is to be eliminated." Pl.'s Mem. at 5 *(Doc. 14)*.

Because the Plan Administrator's decision will be reviewed under the arbitrary and capricious standard, "only the arguments and evidence before the administrator at the time it made the decision" need be considered in deciding this case. *Sandoval v. Aetna Life & Casualty Ins. Co.*, 967 F.2d 377, 380 (10th Cir. 1992).

Wherefore,

IT IS ORDERED that Plaintiff's Motion for *De Novo* Review and Discovery is **denied**.

DATED this 8th day of February, 1999.

**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:    Stephen P. Eaton
                          Albuquerque, New Mexico

Counsel for Defendants:   Lawrence S. Greher
                          Senior Attorney
                          Legal Division
                          Sandia National Laboratories
                          Albuquerque, New Mexico

                          Stephen T. LeCuyer
                          Mettler & LeCuyer, P.C.
                          Corrales, New Mexico